UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CNI EXPRESS, LLC, FLINT
EDWARDS and CARLYNE DESIR,

    Plaintiffs,

v.                                           Case No: 8:23-cv-1577-CEH-JSS

BMO HARRIS BANK NATIONAL
ASSOCIATION, ZIMMERMAN
KISER SUTCLIFFE, NOLAN
BROADIE and BRADLEY J.
ANDERSON,

    Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court upon review of the docket.  Proceeding *pro se*, Plaintiffs CNI Express, LLC, Flint Edwards, and Carlyne Desir filed a Complaint on July 25, 2023. Doc. 1.  Plaintiffs timely paid the filing fee in accordance with this Court's Order dated July 28, 2023, allowing this action to proceed. *See* Doc. 4.  On review of the Complaint, however, the Court observes that it is subject to dismissal without prejudice [1] because it is a shotgun pleading.  Plaintiffs will be granted permission to amend it in accordance with the pleading rules.  In addition, Plaintiff CNI Express, LLC, is a corporate entity that is not permitted to appear without

---

[1] A dismissal without prejudice permits the party to re-file the document after correcting any defects identified by the Court.

counsel in federal court. CNI Express will therefore be granted an opportunity to obtain counsel or be subject to dismissal from the action.

## I. SHOTGUN PLEADING

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading. When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling*

*Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321.  As relevant here, one type of shotgun pleading is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.  Such complaints make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996).  Another type of shotgun pleading asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland*, 792 F.3d at 1323.

Here, the Complaint is an amalgam of both of those types of shotgun pleading. One significant problem is that it lacks factual allegations that would explain the context and basis of the Plaintiffs' claims, instead launching almost directly into the causes of action.  The counts themselves are comprised of long, repetitive lists of vague, conclusory assertions of uncertain relevance to the claims being raised. Further, the allegations within each count largely fail to differentiate between the four Defendants or explain which specific actions Plaintiffs attribute to which Defendant. Overall, the factual and legal bases for Plaintiffs' claims are virtually impossible to understand from the Complaint.  As such, they fail to give Defendants adequate notice of the causes of action being asserted against them.

Therefore, the Court will dismiss the complaint without prejudice and grant Plaintiffs leave to file an amended complaint which conforms to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiffs must avoid shotgun pleading pitfalls and comply with applicable pleading requirements.[2]

## II. CORPORATE ENTITY PLAINTIFF

In addition, in federal court, a limited liability corporation or other type of corporation "is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also, e.g.*, *Potter v. Altman*, 647 F. App'x 974, 976 (11th Cir. 2016); *Energy Lighting Mgmt., Ltd. Liab. Co. v. Kinder*, 363 F.Supp.2d 1331, 1332 (M.D. Fla. 2005). For this reason, the Local Rules of the Middle District of Florida provide that "[a] party, other than a natural person, can appear through [a] lawyer only." Local Rule 2.02(b)(2), Middle District of Florida. Corporate plaintiffs who do not obtain counsel despite being given an opportunity to do so will be dismissed from the case. *See, e.g.*, *West Coast Fiberglass Specialist, LLC v. Krebs*, No. 2:20-cv-879, 2021 WL

---

[2] Plaintiffs are again encouraged to consult the resources for litigants without lawyers that the Court highlighted in its July 28, 2023 Order. The Local Rules for the Middle District of Florida can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules A "Litigants Without Lawyers" guide is also available on the Court's website, located at http://www.fmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Civil forms, including form complaints, are available at the following hyperlink: https://www.flmd.uscourts.gov/forms/all/civil-forms.

1342385, *2, *4 (M.D. Fla. Feb. 18, 2021); *Alfaro v. Anheuser-Busch, LLC*, No. 3:14-cv-977, 2017 WL 1683185, *1 (M.D. Fla. Feb. 24, 2017), *report and recommendation adopted by* 2017 WL 1653675 (May 2, 2017).

All three Plaintiffs, including CNI Express, LLC, have indicated that they intend to proceed without counsel in this action. As a limited liability corporation, however, CNI Express cannot appear in this action unless it is represented by an attorney. Therefore, the Court directs CNI Express to obtain counsel, or request additional time to do so, within 30 days from the date of this Order. CNI Express's failure to timely obtain counsel and notify the Court of such will result in its dismissal from the action, without prejudice and without further notice.

Accordingly, it is **ORDERED**:

1. Plaintiffs' complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiffs are granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this order, which must correct the deficiencies discussed herein. **Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice**.

3. Plaintiff CNI Express, LLC, is directed to obtain counsel within **THIRTY (30) DAYS** from the date of this order and file notice of such with the Court. **The failure to timely obtain counsel will result in the dismissal of CNI Express, LLC from this action without prejudice, without further notice.**

**DONE** and **ORDERED** in Tampa, Florida on September 6, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record; Unrepresented Parties