UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLINT EDWARDS and CARLYNE DESIR,

    Plaintiffs,

v.                                          Case No: 8:23-cv-1577-CEH-JSS

BMO HARRIS BANK, NA,
ZIMMERMAN KISER SUTCLIFFE
and BRADLEY J. ANDERSON,

    Defendants.
_____/

**<u>ORDER</u>**

Plaintiffs move for entry of a clerk's default against Defendants. (Motion, Dkt. 20.) The Motion was filed on September 13, 2023, the same day that Plaintiffs filed their Amended Complaint. (*Id.*; Dkt. 18.) Upon consideration, Plaintiffs' Motion is denied without prejudice.

Federal Rule of Civil Procedure 55(a) provides that when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thus, for the Clerk to enter default, the party must have been served with process and then have failed to "plead or otherwise defend" against the action within the time allotted by the rules. *See Gilbert v. City of Pine Lake, Ga.*, No. 19-12585, 2022 WL 1162087, at *5 (11th Cir. Apr. 20, 2022) ("An entry of a default is appropriate when a party against whom relief is sought

has failed to plead or otherwise defend against a complaint.") (citing Fed. R. Civ. P. 55); *see also Est. of Faull by Jacobus v. McAfee*, 727 F. App'x 548, 552 (11th Cir. 2018) ("Thus, because the third amended complaint is now the operative complaint, McAfee must be given an opportunity to respond to the third amended complaint.") (citing *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011)).

Here, Plaintiffs' initial Complaint was served pursuant to Federal Rule of Civil Procedure 4 and proof of service was returned for all Defendants. (Dkts. 9, 10, 11.) Defendants Zimmerman Kiser Sutcliffe and Bradley J. Anderson have appeared. (Dkts. 12, 13.) Defendant BMO Harris Bank, NA has not appeared.

After the initial service of the summons and complaint and a party's entry of appearance, subsequent complaints and other pleadings can be served under Rule 5. *Oxebridge Quality Res. Int'l, LLC v. LaBelle*, No. 8:20-cv-2176-CEH-SPF, 2023 WL 3227154, at *3 (M.D. Fla. May 3, 2023) ("Once a party has appeared, a subsequent pleading or other filing must be served on them in accordance with Rule 5(b), which permits a greater variety of methods of service than Rule 4."). Because Defendants Zimmerman Kiser Sutcliffe and Bradley J. Anderson have entered an appearance, they can be served with the Amended Complaint under Rule 5(b). That service occurred on September 13, 2023, via the court's electronic filing system. *See* Fed. R. Civ. P. 5(b)(2)(E) (allowing service of a paper "by filing it with the court's electronic filing system").

Federal Rule of Civil Procedure 15(a)(3) provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the

time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Defendants Zimmerman Kiser Sutcliffe and Bradley J. Anderson were served with Plaintiff's original Complaint on August 15, 2023. *See* (Dkt. 10; Dkt. 11.) They had 21 days to respond. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer [] within 21 days after being served with the summons and complaint[.]"). The deadline was September 5, 2023. Thus, the later of the two options identified in Rule 15(a)(3) is 14 days after service of Plaintiffs' Amended Complaint. Therefore, Defendants Zimmerman Kiser Sutcliffe and Bradley J. Anderson have until September 27, 2023, to respond to Plaintiffs' Amended Complaint and are not in default.

Because Defendant BMO Harris Bank, NA has not yet appeared, it cannot receive service via the methods allowed under Rule 5(b).[1] *Oxebridge*, 2023 WL 3227154, at *3 (footnote omitted) (noting that Rule 5(b) only becomes operative "[o]nce a party has appeared[.]"). Plaintiffs must therefore serve their Amended Complaint on Defendant BMO Harris Bank, NA via Rule 4. Once BMO Harris Bank, NA is served with the Amended Complaint, it will have 14 days to respond under Rule 15(a)(3). *Id.* at *4 (quoting *Williams v. Clinch Cnty., Ga.*, 231 F.R.D. 700, 701 (M.D. Ga. 2005)) (internal quotation marks omitted) (alteration in original) ("By its terms, the [14]-day period is triggered by 'service' of the amended pleading, not just filing it

---

[1] Rule 5(a)(2) states that "[n]o service is required on a party *who is in default* for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." (emphasis added). Here, Defendant BMO Harris Bank, NA is not in default for failing to appear, so service of the Amended Complaint is still required.

with the Court."); *see also id.* (quoting *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007)) (internal quotation marks omitted) (alterations in original) ("[F]or a plaintiff to be entitled to a default judgment on an amended pleading, there must be an adequate showing that the relevant amended pleading was duly served[.]"). "Plaintiffs have not established that [Defendant BMO Harris Bank, NA] was served with the pleading on which they seek a default judgment. Therefore, the Motion for Default Judgment must be denied." *Id.*

Accordingly:

1. Plaintiffs' Motion to Default (Dkt. 20) is **DENIED without prejudice**.
2. Plaintiffs shall serve Defendant BMO Harris Bank, NA with the Amended Complaint (Dkt. 18) pursuant to Federal Rule of Civil Procedure 4.

**ORDERED** in Tampa, Florida, on September 19, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties