UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLINT EDWARDS and CARLYNE DESIR,

    Plaintiffs,

v.                                            Case No: 8:23-cv-1577-CEH-UAM

BMO HARRIS BANK, NA,
ZIMMERMAN KISER SUTCLIFFE
and BRADLEY J. ANDERSON,

    Defendants.

_____

## ORDER

This matter comes before the Court on the Motions to Dismiss of Defendants Zimmerman Kiser Sutcliffe, P.A. and Bradley J. Anderson (Doc. 23) and BMO Harris Bank, NA ("BMO") (Doc. 41). Plaintiffs Flint Edwards and Carlyne Desir have not responded to either motion. The motions are therefore subject to treatment as unopposed. *See* M.D. Fla. R. 3.01(c); *see also* Doc. 29 at 5-6.

Also before the Court is Plaintiffs' Motion for Default, or in the Alternative, Motion to Strike Sham Motion to Dismiss (Doc. 42). The motion is due to be denied.

Upon review and consideration, and being fully advised in the premises, the Court will grant the motions to dismiss and dismiss the Second Amended Complaint for lack of subject matter jurisdiction.

I.     BACKGROUND

Plaintiffs, proceeding *pro se*, initiated this action on July 25, 2023. Doc. 1. They challenge Defendants' conduct in connection with loans that Defendant BMO provided to Plaintiffs' business. *Id.* When the business allegedly defaulted on the loans, Defendant Bradley Anderson, an attorney with Defendant Zimmerman Kiser & Sutcliffe, P.A., filed suit against Plaintiffs in Florida state court on BMO's behalf. *See* Doc. 18-1.

Plaintiffs filed an Amended Complaint on September 13, 2023, after the Court dismissed the original Complaint as a shotgun pleading. Docs. 17, 18. The original Complaint had alleged, *inter alia*, violations of the Fair Debt Collection Practices Act. Doc. 1 ¶¶ 55-80. In the Amended Complaint, Plaintiffs allege only the following causes of action: breach of contract, false and misleading representation, fraud, and "tender of payment and unjust enrichment." Doc. 18 at ¶¶ 46-86.

With respect to subject matter jurisdiction, Plaintiffs allege that the parties are of diverse citizenship, and that this Court has original jurisdiction under 28 U.S.C. §§ 1332(a) and 1331. *Id.* at 1. They further allege that BMO is an Illinois corporation with its principal place of business in Illinois, while Zimmerman Kiser Sutcliffe is a Florida corporation with its principal place of business in Florida. *Id.* They do not make allegations about Anderson's or their own citizenship, although the exhibits to the Amended Complaint list a Florida mailing address for Plaintiffs. *See* Doc. 18-1.

Anderson and Zimmerman Kiser Sutcliffe moved to dismiss on September 27, 2023. Doc. 23. They first argue that dismissal for lack of subject matter jurisdiction is

warranted under Federal Rule of Civil Procedure 12(b)(1), because all claims arise under Florida state law and "there appears to be no diversity jurisdiction." *Id.* at 4-5. In support of the latter contention, they explain that Anderson and Zimmerman Kiser Sutcliffe are Florida citizens. *Id.* at 5. They also argue that the Amended Complaint should be dismissed because it is a shotgun pleading and fails to state claims upon which relief may be granted. *Id.* at 5-23.

Plaintiffs did not file a response in opposition to the motion to dismiss. In an Order dated December 1, 2023, the Court provided them with an additional 21 days "to either file a response in opposition to the motion to dismiss, or to amend the Amended Complaint to address any deficiencies identified in the motion to dismiss." Doc. 29 at 5. The Court stated: "Plaintiffs are particularly advised to address Defendants' arguments that the Court lacks subject matter jurisdiction to consider Plaintiffs' claims." *Id.* The Court cautioned Plaintiffs that the failure to file a Second Amended Complaint or a response in opposition may result in the motion to dismiss being treated as unopposed. *Id.* at 6. To date, Plaintiffs have not filed a response in opposition or a Second Amended Complaint.

BMO subsequently appeared in the action and filed a motion to dismiss on March 12, 2024. Doc. 41. BMO's motion argues that dismissal is warranted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Id.* With respect to Rule 12(b)(1), BMO argues that the Court lacks subject matter jurisdiction over the action because Plaintiffs and Zimmerman Kiser and Sutcliffe are citizens of Florida, and because the Amended Complaint does not assert a federal question. *Id.* at 9-11.

3

To date, Plaintiffs have not filed a response in opposition to BMO's motion to dismiss. However, on May 6, 2024, Plaintiffs filed a Motion for Default, or, in the Alternative, Motion to Strike Sham Motion to Dismiss (Doc. 42). The motion reiterates arguments Plaintiffs previously asserted with respect to Anderson and Zimmerman Kiser Sutcliffe. *See* Docs. 20, 27, 30. Specifically, they argue that BMO has not appeared in the action because the motion to dismiss filed by its counsel is invalid due to its attorney's lack of firsthand knowledge of the facts.

II.     MOTION FOR DEFAULT OR TO STRIKE

The Court will first address Plaintiffs' Motion for Default or to Strike because of its bearing on BMO's motion to dismiss. Plaintiffs' motion is due to be denied. The primary ground for default and for striking BMO's motion to dismiss is their claim that attorneys cannot sign documents concerning matters of which they do not have firsthand knowledge, and that such filings are sham pleadings. Doc. 42. As this Court stated in its December 1, 2023 Order, Defendants' attorneys have acted properly in signing documents and filings on Defendants' behalf, and they are not acting as witnesses when doing so. Doc. 29 at 2-3. BMO's motion to dismiss does not constitute a sham pleading. Plaintiffs' motion to strike or for default on this basis is therefore denied.

Plaintiffs also present proof of service of the original Complaint on BMO on August 15, 2024. Doc. 42 at 47. Because BMO did not file a responsive pleading until its motion to dismiss on March 12, 2024, *see*. Doc. 41, Plaintiffs argue they are entitled to a default. However, the Court previously ordered Plaintiffs to serve BMO with the

Amended Complaint. Doc. 22 at 4 (denying first motion for default due to lack of service of Amended Complaint); *see also* Doc. 37 (denying second motion for default and noting failure to comply with prior Order).  Plaintiffs have not presented proof of service of the Amended Complaint.  And, in any event, BMO has appeared in this action and waived service. Docs. 36, 37.  Plaintiffs are not entitled to a default.  The motion is due to be denied in its entirety.

III.   MOTIONS TO DISMISS

Defendants' motions to dismiss pursuant to Rule 12(b)(1) are due to be granted, because the Amended Complaint does not allege facts sufficient to establish subject matter jurisdiction.

Under Rule 12(b)(1), Federal Rules of Civil Procedure, a party may raise, by motion, the defense of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).  "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). Accordingly, "[o]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of South Ala.*, 168 F.3d at 410.

"The party bringing the claim bears the burden of establishing that the district court has subject matter jurisdiction." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016). Subject matter jurisdiction may arise based upon the existence of a federal question or diversity of citizenship between the parties, under 28 U.S.C. §§ 1331 and 1332. "If jurisdiction is based on either of these, the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994), quoting Fed. R. Civ. P. 8(a)(1). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). For diversity jurisdiction to exist, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Federal question jurisdiction exists where the action arises under the laws of the United States. 28 U.S.C. § 1331.

Here, the Amended Complaint alleges that subject matter jurisdiction exists based on diversity and federal question jurisdiction. *See* Doc. 18 at 4, citing 28 U.S.C. §§ 1331, 1332. However, the Amended Complaint alleges only state law causes of action. Federal question jurisdiction is therefore unavailable. With respect to diversity, the Amended Complaint alleges facts that establish the citizenship of the two corporate Defendants, *see* 28 U.S.C. § 1332(c)(1), but none that address the citizenship

6

of the Plaintiffs or Anderson.[1]  Doc. 18 at 4.  As such, the Court cannot determine whether each Defendant is diverse from each Plaintiff.  The allegations in the Amended Complaint fail to satisfy Plaintiffs' jurisdictional burden, and the Court therefore lacks subject matter jurisdiction from the face of the complaint.  *See Williams*, 839 F.3d at 1314; *Taylor*, 30 F.3d at 1367; *Beavers v. A.O. Smith Elec. Prod. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) ("Because the plaintiffs have the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction,' and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint.") (quoting *Taylor*, 30 F.3d at 1367).  The Amended Complaint must be dismissed.

Plaintiffs' *pro se* status does not change the analysis.  Pleadings of *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (quotation omitted). Nonetheless, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (quotation omitted).  And, irrespective of Plaintiffs' *pro se* status, the Court

---

[1] Although Defendants contend that Plaintiffs are citizens of Florida, the Amended Complaint and attached exhibits do not provide sufficient facts for the Court to determine whether Florida is Plaintiffs' domicile, which is equivalent to citizenship for purposes of diversity jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent[.]") (quotations and citations omitted).

is "powerless to act" now that it has determined that it is without subject matter jurisdiction. *Univ. of South Ala.*, 168 F.3d at 410.

Finally, the Court observes that Plaintiffs have not addressed the Amended Complaint's deficiencies in subject matter jurisdiction despite opportunities to do so. Defendants' motions to dismiss and this Court's Order alerted Plaintiffs to a possible lack of subject matter jurisdiction, and the Court provided them with additional time to respond or amend their pleading. They did neither. Indeed, they have allowed both motions to dismiss to be treated as unopposed. However, because Plaintiffs are proceeding *pro se*, and a dismissal for lack of subject matter jurisdiction must be without prejudice, *see DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008), the Court will provide Plaintiffs with the opportunity to move for leave to amend the Amended Complaint before dismissing the action. The motion for leave to amend must attach a proposed Second Amended Complaint that establishes this Court's subject matter jurisdiction. Moreover, even if the proposed Second Amended Complaint establishes subject matter jurisdiction, Plaintiffs are advised that the Court will consider whether granting leave to file a Second Amended Complaint would be futile, given the arguments for dismissal on the merits raised in Defendants' motions to dismiss. *See* Docs. 23, 41.[2] The proposed Second Amended Complaint should also address the propriety of venue in the Tampa Division of the Middle District of Florida

---

[2] *See, e.g.*, *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (although leave to amend pleadings should be given freely, when justice so requires, a district court may deny a motion to amend on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.").

rather than the Orlando Division.[3] The failure to timely move for leave to amend the Amended Complaint will result in dismissal of this action without prejudice, without further notice.

Accordingly, it is **ORDERED**:

1. Plaintiffs Flint Edwards and Carlyne Desir's Motion for Default, or in the Alternative, Motion to Strike Sham Motion to Dismiss (Doc. 42) is **DENIED**.

2. Defendants Zimmerman Kiser Sutcliffe, P.A. and Bradley J. Anderson's Motion to Dismiss (Doc. 23) is **GRANTED**.

3. Defendant BMO Harris Bank, NA's Motion to Dismiss (Doc. 41) is **GRANTED**.

4. The Amended Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

5. Plaintiffs may file a motion for leave to amend the Amended Complaint, which attaches a proposed Second Amended Complaint, within **FOURTEEN (14) DAYS** of this Order. The failure to timely move for leave

---

[3] Under Local Rule 1.04(b), Middle District of Florida, "[a] party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced." Plaintiffs' exhibits indicate that Plaintiffs' mailing address is in Osceola County, which is also where the underlying state court action was filed. *See* Doc. 18-1. Defendants indicate that the office of Anderson and Zimmerman Kiser Sutcliffe is located in Orlando. Doc. 23 at 5. Accordingly, it appears that the Orlando Division of the Middle District of Florida may be the division to which the action is most directly connected and in which it is most conveniently advanced.

to amend will result in dismissal of this action without prejudice, without further notice.

**DONE** and **ORDERED** in Tampa, Florida on May 15, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties